UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYAN HORNE | CIVIL ACTION |
| VERSUS | No. 17-7428 |
| ILLINOIS CENTRAL RAILROAD CO. | SECTION I |

## ORDER & REASONS

Before the Court are two motions *in limine* filed by defendant BRV Equipment Inc. ("BRV"). The first motion[1] seeks to "preclude any testimony, questions[,] or references by [p]laintiff regarding supposed violations of OSHA and/or ANSI standards, as well as alleged violations of the operator's manual for the Link Belt Model 130 X3 trackhoe [] involved in the subject accident." The second motion[2] seeks to exclude deposition testimony from Dr. William McCraney regarding shoulder injuries plaintiff Bryan Horne ("Horne") may have sustained as a result of the incident that gave rise to the present lawsuit; Horne's possible development of future carpal tunnel syndrome; and Horne's possible need for future wrist surgery.

At the outset, the Court notes that Horne has not filed any opposition to BRV's first motion concerning OSHA regulations, ANSI standards, and the trackhoe operator's manual.[3] Likewise, Horne does not oppose BRV's second motion with

---

[1] R. Doc. No. 60.
[2] R. Doc. No. 62.
[3] *See* R. Doc. No. 55 ("Written memoranda in opposition to motions in limine and objections are due by May 11, 2018. Any party that does not respond to an objection or motion will be deemed to have waived the ability to contest that objection.").

respect to the possibility of plaintiff developing carpal tunnel syndrome or as it regards plaintiff's shoulder injuries.[4] Accordingly, BRV's motions will be granted to such extent as unopposed.

Horne opposes BRV's second motion, insofar as it seeks to exclude Dr. McCraney's testimony as to his possible need for future wrist surgery. BRV argues that such testimony should not be allowed because "Dr. McCraney could not provide an opinion that a future wrist surgery is more likely than not going to be necessary."[5] Horne counters that Dr. McCraney's testimony does, in fact, establish that he is more likely than not going to require a future wrist surgery. Specifically, Horne points to Dr. McCraney's statement that his risk of developing arthritis in his wrist is "significant."[6]

In his deposition, Dr. McCraney testified as follows:

> **Q**: If he does develop some arthritic issues, what's the fix for that?
>
> **A**: It depends, but wrist arthritis, one fix would be nothing, and he just—it hurts a little bit, but [he] can do most things—and he just lives with it. If it's bad to the point where it's becoming debilitating or he can't function with it, then you can actually do what's called a wrist fusion where you basically just fuse the hand to the forearm, and he does not have any motion, so he can still turn it this way, which is a very good operation in terms of getting rid of pain. Obviously you loose [sic] some function. So at some point in the future, he may require a wrist fusion.

---

[4] R. Doc. No. 65, at 1.
[5] R. Doc. No. 62-1, at 2.
[6] R. Doc. No. 65, at 3.

2

> **Q**: Okay. Is that something that you're not going to be able to determine for a while?
>
> **A**: Correct.
>
> . . .
>
> **Q**: Are you able to say one way or the other if it's more likely that he will or more likely that he won't need a wrist surgery?
>
> **A**: Based on the injury I think the odds of him developing post traumatic arthritis are significant. And whether or not he needs the surgery, that's up to him, so I don't know.
>
> **Q**: And that's something that would just need time for you to determine?
>
> **A**: Right.
>
> **Q**: But your opinion, just to be sure I understand, is more likely than not you're thinking he will need the surgery at some point in the future?
>
> **A**: If it's symptomatic to him, yes.[7]

The parties agree that causation with respect to future injuries must be proved by a preponderance of the evidence—that is, a plaintiff must show that it is more likely than not that a subsequent injury is the result of the accident at issue.[8] *See Maranto v. Goodyear Tire & Rubber Co.*, 650 So.2d 757, 759 (La. 1995) ("The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident."); *Chavers v. Travis*,

---

[7] R. Doc. No. 65-1, at 4–6.
[8] R. Doc. No. 62-1, at 1; R. Doc. No. 65, at 1.

902 So.2d 389, 394 (La. Ct. App. 4th Cir. 2005) (same). Similarly, the parties do not dispute that a plaintiff must prove that future medical expenses will more likely than not be necessary because of the accident.[9] *Harvin v. ANPAC La. Ins. Co.*, 944 So.2d 648, 655 (La. Ct. App. 5th Cir. 2006) ("Future medical expenses . . . must be established with some degree of certainty, and a plaintiff must demonstrate that such expenditures will, more probably than not, be incurred as a result of the injury.").

The parties disagree, however, as to whether the opinions stated in Dr. McCraney's deposition sufficiently establish that it is more likely than not that Horne will require future wrist surgery as a result of his accident. The Court finds that reasonable jurors could conclude that Dr. McCraney's testimony demonstrates that Horne may require future wrist surgery. Therefore, this question will be left to the jury, which, upon request by any party, will be instructed as to the applicable law as set forth above. BRV can certainly rely on its cross-examination of Dr. McCraney during his deposition and make arguments to the jury in favor of its position. Accordingly, BRV's motion will be denied in this regard.

For the foregoing reasons,

**IT IS ORDERED** that BRV's motion *in limine* with respect to OSHA regulations, ANSI standards, and the trackhoe manual is **GRANTED**.

**IT IS FURTHER ORDERED** that BRV's motion *in limine* with respect to Horne's possible shoulder injuries; Horne's possible development of future carpal

---

[9] R. Doc. No. 62-1, at 1; R. Doc. No. 65, at 2.

tunnel syndrome; and Horne's possible need for future wrist surgery is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

New Orleans, Louisiana, May 16, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**