# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYAN HORNE | CIVIL ACTION |
| VERSUS | No. 17-7428 |
| ILLINOIS CENTRAL RAILROAD CO. | SECTION I |

## ORDER & REASONS

Defendants Illinois Central Railroad ("IC") and BRV Equipment Inc. ("BRV") object to three trial exhibits propounded by plaintiff Bryan Horne ("Horne").

First, IC and BRV object to the introduction of an FRA Track and Rail Infrastructure Integrity Compliance Manual on the ground that the document is irrelevant. Horne "agrees with [IC and BRV], and has no opposition to" the removal of the manual from his exhibit list.[1] Accordingly, IC and BRV's objection to the manual is dismissed as moot.

Second, IC and BRV object to the introduction of medical illustrations of the surgeries undergone by Horne on May 2, 2017. IC and BRV argue that Dr. Kyle Gordon has testified regarding the procedure performed by him but that he did not lay a foundation for the illustrations of such procedures to be admitted into evidence. Notably, IC and BRV do not cite any legal authority or offer any argument whatsoever

---

[1] R. Doc. No. 67, at 1. Horne, however, reserves the right to use the manual, to the extent appropriate and as permitted by the Court, to respond to testimony or other evidence that arises at trial as part of the defendants' defense.

in support of their objection,[2] nor do they provide any excerpts from Dr. Gordon's deposition from which the Court might discern whether a lack of foundation for the illustrations exists.

In any event, IC and BRV's objections are overruled. At his deposition, Dr. Gordon testified that the medical illustrations in question fairly and accurately depict the procedure that he performed on Horne.[3] As a medical expert with knowledge of the procedure he conducted on Horne, Dr. Gordon's testimony authenticates the illustrations. Further, the illustrations are relevant, because as Dr. Horne testified, they will assist in explaining the procedure performed on Horne to the jury.

Thus, the illustrations may, at a minimum, be used as demonstrative evidence.[4] The Court will defer until trial a ruling as to whether the illustrations may be admitted as substantive evidence that is sent to the jury as well as a ruling

---

[2] This is so despite the fact that the Court's previous order explicitly instructed an objecting party to "cite relevant authority in support of their positions as to the objected-to exhibit." R. Doc. No. 55. Further, the Court's order required "[e]ach contested exhibit [to] be attached to the objection with the contested portions highlighted." *Id.* IC failed to provide the exhibits to which it objects, though BRV did provide two of the three objected-to exhibits that were in its possession.

[3] *See* R. Doc. No. 67-2.

[4] "Federal Rule of Evidence 611 confers on trial courts discretion to control the presentation of evidence, including the use of demonstrative evidence. Allowing the use of pedagogical devices intended to present [a party's] version of the case is within the bounds of the trial court's discretion to control the presentation of evidence. Such demonstrative aids typically are permissible to assist the jury in evaluating the evidence, provided the jury is forewarned that they are not independent evidence. Demonstrative aids are not admitted into evidence and should not go to the jury room absent the consent of the parties." *United States v. Garcia*, 334 Fed. App'x 609, 614 (5th Cir. 2009) (alterations and quotations omitted).

2

as to whether the illustrations should be excluded under Federal Rule of Evidence 403.

Third, IC and BRV object to the introduction of excerpts from IC's own fall protection manual. IC and BRV contend that these documents are "nothing more than a general listing of items subject to the [IC] [o]perating [r]ules and a recapitulation of various sections of the Code of Federal Regulations including sections which are wholly irrelevant such as 'safety netting,' 'scaffolding,' and 'working over or adjacent to water.'"[5] The Court notes that much of the manual's excerpts does appear to be irrelevant to the instant case. However, the Court will defer a formal ruling on IC and BRV's objections until trial, at which time the Court will be in a better position to assess the merits of IC and BRV's position.[6]

Accordingly,

**IT IS ORDERED** that IC and BRV's objections are **DISMISSED AS MOOT IN PART**, **OVERRULED IN PART**, and **DEFERRED UNTIL TRIAL IN PART** as set forth herein.

---

[5] R. Doc. No. 58, at 2.
[6] Finally, the Court notes that BRV reserved the right to object to the admission of any reenactment photographs listed in Horne's exhibit list, provided Horne "fail[ed] to establish the proper foundation and predicate for the admission of said photographs pursuant to Federal Rules of Evidence 403 and 901." However, after BRV filed its objections, the parties submitted a joint stipulation which states, "There are no objections to the authenticity of the photographs produced by IC pertaining to the re-enactment that took place following the subject accident. These photographs have been included in the Joint Bench Book as Exhibit 3." The Court, therefore, does not anticipate any objections from BRV with respect to reenactment photographs, as the photographs have been submitted as a joint exhibit.

New Orleans, Louisiana, May 16, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**