# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYAN HORNE | CIVIL ACTION |
| VERSUS | No. 17-7428 |
| ILLINOIS CENTRAL RAILROAD CO. | SECTION I |

## ORDER & REASONS

On April 20, 2017, plaintiff Bryan Horne ("Horne") was working as a foreman in Laplace, Louisiana, when he was allegedly knocked off of a railroad trestle by a trackhoe. Horne fell several feet and suffered physical injuries to his wrists and nose. At the time of the accident, Horne was employed by Illinois Central Railroad ("IC"), and the trackhoe was operated by an employee of BRV Equipment Inc. ("BRV"). Horne initiated the present lawsuit, suing IC under the Federal Employers' Liability Act ("FELA") and BRV for general negligence under Louisiana law.

At the final pretrial conference, the Court noted the dearth of evidence with respect to any claims of independent negligence on the part of IC and permitted IC to file an untimely motion for summary judgment regarding its liability under the FELA. IC filed such a motion, arguing that it did not breach any duty owed to Horne under the FELA and that the alleged negligence of BRV's employee cannot be imputed to IC.

Horne opposes IC's motion. He does not contend that IC or any of its employees were independently negligent.[1] Rather, he maintains that the BRV employee operating the trackhoe at the time of time of the accident was acting as IC's agent and that, as a result, IC is subject to FELA liability for the alleged negligence of BRV's employee. The Court, therefore, will grant IC's motion as it relates to any independent negligence on the part of IC. However, with respect to IC's liability under the FELA for the alleged negligence of BRV's employee, the Court concludes that IC's motion for summary judgment must be denied.

The FELA provides, in relevant part:

> Every common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51. "Under the [FELA], a railroad will be liable if its negligence or its agent's negligence played any part, even the slightest, in producing the employee's injury." *Armstrong v. Kansas City So. Ry. Co.*, 752 F.2d 1110, 1113 (5th Cir. 1985).

With respect to a railroad's liability for actions of its agents, the Supreme Court has held that third parties performing under contract on behalf of a railroad are agents within the meaning of the FELA. *Sinkler v. Missouri Pac. R. Co.*, 356 U.S.

---

[1] *See* R. Doc. No. 69.

2

326, 331–32 (1958). In *Sinkler*, the petitioner was employed by the respondent railroad as a cook aboard a railcar. *Id.* at 326. The petitioner was injured when a third party company attempted to switch the railcar from one track to another, causing the railcar to collide with a second railcar at the station. *Id.* The petitioner recovered a judgment against the respondent railroad under the FELA, but the state appellate court reversed, finding that "FELA did not subject the [railroad] to liability for injuries of its employee caused by the fault of employees" of the third party company. *Id.* The state supreme court denied the petitioner's application for writ of error, and the Supreme Court granted certiorari. *Id.*

The Supreme Court observed that "[n]o question of liability for the fault of officers or employees of the [railroad was] raised, but only whether the petitioner's injuries were due to the fault of 'agents' of the respondent within the meaning of the section." *Id.* at 328. The Supreme Court in *Sinkler* reasoned that the third party company's "corporate autonomy" and its "freedom from detailed supervision of its operations" by the railroad were "irrelevant inasmuch as the switching crew of the [third party company] at the moment of the collision in the station was engaged in furthering the operational activities of" the railroad. *Id.* at 331. Hence, it held that "when a railroad employee's injury is caused in whole or in part by the fault of others performing, under contract, operational activities of his employer, such others are 'agents' of the employer within the meaning of [the] FELA." *Id.*

Here, there is no real dispute that, at the time of Horne's accident, BRV was acting as IC's agent. Indeed, IC effectively concedes as much.[2] Thus, like the railroad in *Sinkler*, IC cannot escape liability under the FELA simply because Horne's injury resulted solely from the negligence of BRV's employee, IC's admitted agent. *See Nivens v. St. Louis Sw. Ry. Co.*, 425 F.2d 114, 120 (5th Cir. 1970) ("Liability may be imposed on a railroad for a third-party's negligence while 'engaged in furthering the operational activities' of the railroad. The third party's activities are considered a part of the railroad's 'total enterprise.'").

Accordingly,

**IT IS ORDERED** that IC's motion for summary judgment is **GRANTED IN PART** as unopposed with respect to IC's independent negligence but **DENIED IN PART** as to IC's liability under FELA for the alleged negligence of BRV's employee.

New Orleans, Louisiana, May 17, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[2] R. Doc. No. 57-3, at 9 n.20 ("It is not disputed that there existed a contractual relationship between BRV and IC and that BRV was undertaking to assist IC crews in required track maintenance work on April 10, 2017. While IC disagrees with the expansive consideration of the term "agent" as used in Section 1 of the FELA, it is constrained to recognize that the current state of the law would likely find BRV as an "agent" for purposes of the Act.").

4